IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DON E. SEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1305-D |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Bacharach recommends the entry of summary judgment in favor of Defendant on Plaintiff's claim under 42 U.S.C. § 1983 that he has been denied medical treatment for a broken clavicle. Plaintiff has timely filed a written objection. Thus the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks declaratory and injunctive relief for an alleged violation of his constitutional right to receive health care for a serious medical need. Specifically, Plaintiff alleges he fractured his right clavicle in a fall on April 2, 2006, and his injury has not received appropriate medical treatment. He seeks an order directing Defendant Justin Jones, Director of the Oklahoma Department of Corrections ("DOC"), to provide surgical repair of his broken clavicle, "as prescribed and order[ed] by Oklahoma University doctors last year and again, this year." *See* Compl. [Doc. 1] at 5.

Judge Bacharach has carefully analyzed the factual record presented by the Special Report filed pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and the parties' summary judgment materials.  He finds that Plaintiff has been seen numerous times since September 29, 2006, by orthopedic specialists at OU Medical Center, who first recommended surgery on June 22, 2007, but Plaintiff is still waiting for surgery due to scheduling delay caused by OU Medical Center and the doctors' classification of Plaintiff's priority for treatment as a non-emergency.  Judge Bacharach thus concludes that Plaintiff has failed to demonstrate deliberate indifference by DOC officials to a serious medical need.

In his objection, Plaintiff apparently takes issue with Judge Bacharach's statement of facts, although he does not identify any particular error in Judge Bacharach's analysis of the record. Plaintiff states that after his injury in April, 2006, he "received appropriate evaluation and treatment from OUMC for a mild AC separation" and "was scheduled for surgery to repair the mild AC separation" but he "has never received medical care and treatment for his [broken] clavicle" and "has never been considered, nor scheduled for surgery at OUMC for the repair of his [broken] clavicle." *See* Objection [Doc. 18] at 1-2, ¶¶ 3-5, 7 (emphasis omitted).  Plaintiff provides no record citations to support these stated facts, which differ from the allegations of his verified pleading, where he stated: "Oklahoma University doctors have repeatedly told D.O.C. employees and myself that I need surgery A.S.A.P. [but] D.O.C. refuses to provide surgery, due to cost."  *See* Compl. [Doc. 1] at 3.  Nevertheless, were the Court to accept Plaintiff's stated facts as true, they demonstrate that DOC has obtained treatment for Plaintiff's shoulder injury by medical professionals at OU Medical Center, and they support Judge Bacharach's conclusion that Plaintiff has not shown the

delay in obtaining surgery is due to DOC's or Defendant's deliberate indifference to Plaintiff's medical needs.

Plaintiff also asserts in his objection that Judge Bacharach has "missed the boat" and that, instead of requiring Plaintiff to identify the individuals responsible for a lack of treatment, the Court should simply order Defendant Jones, as DOC's director, to provide medical care for Plaintiff's broken clavicle. *See* Objection [Doc. 18] at 2. Plaintiff misunderstands the role of federal courts in individual cases. To obtain relief under 42 U.S.C. § 1983, Plaintiff must establish a federal constitutional violation and, in the context of this case, a violation of the Eighth Amendment standard of *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), which requires a showing of deliberate indifference on the part of prison officials. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Id.* Plaintiff has not made such a showing.

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation [Doc. No. 17] and GRANTS Defendant's Motion for Summary Judgment [Doc. No. 12]. Judgment will be entered accordingly.

IT IS SO ORDERED this 3rd day of June, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

3